Jack **BELLEVUE**, Plaintiff–Appellant,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,** Defendant–Appellee.

### MEMORANDUM \*\*

No. 00–16497.

D.C. No. CV–00–00368 SBA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2001.

Decided Dec. 19, 2001.

---

\* The Honorable Charles Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Before BRIGHT,* B. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Jack Bellevue appeals the district court's summary judgment in favor of Prudential Insurance Company of America ("Prudential") in Bellevue's diversity action alleging that Prudential breached its contract by failing to pay him agent renewal and service commissions.

■ Bellevue argues that the district court erred in denying his Fed.R.Civ.P. 56(f)[1] motion to permit further discovery. This court reviews the district court's denial of a request to conduct further discovery made by a party opposing a motion for

summary judgment under an abuse of discretion standard. *See Barona Group of the Capitan Grande Band of Mission Indians v. American Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1399–1400 (9th Cir. 1987).

The district court did not abuse its discretion in denying Bellevue relief under Rule 56(f). Bellevue failed to set forth with particularity what information he hoped to gain through additional discovery. *See Barona Group*, 840 F.2d at 1400 (explaining that under Rule 56 the opposing party must make clear what information is sought and how it would preclude summary judgment). Furthermore, Bellevue offers no excuse or justification for why he did not initiate discovery after he opted not to join the Iowa settlement with the other agents or why he did not initiate it upon transfer to California.

■ Bellevue also contends that the district court erred in granting summary judgment under California law because material issues of fact existed on Bellevue's breach of contract and accounting claims. An order granting or denying summary judgment is generally reviewed *de novo. See Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc).

California law applies to this case and an action for breach of contract requires: (1) existence of a contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) resulting damages to plaintiff. *See Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal.

---

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Rule 56(f) reads:
    (f) When Affidavits are Unavailable. Should it appear from the affidavits of a

party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

App.3d 1371, 272 Cal.Rptr. 387, 395 (Cal. Ct.App.1990). The district court correctly concluded that Bellevue failed to provide any evidence upon which a reasonable jury could return a verdict in his favor on the allegations that Prudential's compensation systems were defective. Furthermore, Bellevue's accounting claim cannot survive summary judgment if his breach of contract claim does not survive. *See Janis v. California State Lottery Comm'n,* 68 Cal. App.4th 824, 80 Cal.Rptr.2d 549, 554 (Cal. Ct.App.1998) (right to accounting is derivative in that it must be based on other claims).

AFFIRMED.