Filed 3/4/14  ASAP Copy and Print v. Canon Business Solutions CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ASAP COPY AND PRINT et al., | B238144 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. PC043358) |
| CANON BUSINESS SOLUTIONS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County, Stephen Pfahler, Judge.  Appeal dismissed in part; remaining orders affirmed.  Sanctions imposed against appellant Nina Ringgold pursuant to Code of Civil Procedure section 907, California Rules of Court, rule 8.276(a)(1), and *In re Marriage of Flaherty* (1982) 31 Cal.3d 637.

Nina Ringgold, in pro. per., and for Plaintiffs and Appellants ASAP Copy and Print and Ali Tazhibi.

Frandzel Robins Bloom & Csato, Andrew K. Alper and Alan H. Fairley, for Respondent Canon Financial Services, Inc.

Dorsey & Whitney, Kent J. Schmidt and Lynnda A. McGlinn, for Respondent Canon Business Solutions, Inc.

Hemar, Rousso & Heald, and Jeannine Del Monte Kowal, for Respondent General Electric Capital Corporation.

---

This is the fourth appeal in this case filed by ASAP Copy and Print, its owner Ali Tazhibi (collectively, ASAP), and their attorney, Nina Ringgold.[1]  The appeal is taken from six postjudgment orders made on August 4, August 26, October 18, November 4, and November 30, 2011.  (Code Civ. Proc., § 904.1, subd. (a)(2).)  We conclude appellants' notice of appeal is untimely as to the August 4, 2011 and August 26, 2011 orders, and dismiss the appeal as to those orders.  We affirm the remaining orders and impose sanctions against Ringgold pursuant to Code of Civil Procedure section 907, California Rules of Court, rule 8.276(a)(1), and *In re Marriage of Flaherty* (1982) 31 Cal.3d 637.

## FACTS AND PROCEDURAL HISTORY

The long and tortured history of this case is well known to the parties and to this court.  We set forth only those facts necessary to resolve this appeal.

On August 29, 2002, ASAP acquired a photocopier from Canon Business Solutions, Inc. (CBS).  The acquisition was financed through a lease from Canon Financial Services, Inc. (CFS).  The lease agreement also contained an assignment clause, a maintenance agreement, and a provision for an award of attorney fees in the event of litigation.  Approximately three years into the lease, CFS assigned its rights under the

---

[1]     We take judicial notice of the records in *ASAP Copy and Print et al. v. Canon Business Solutions, Inc., et al.*, case Nos. B224295, B225702, and B232801.

2

lease to respondent General Electric Capital Corporation (GE). ASAP subsequently stopped making payments on the lease.

A dispute arose concerning ASAP's failure to pay lease payments and its claim that respondents had breached the lease agreement. ASAP sued GE, CFS and others, asserting various contract and tort causes of action. Amended complaints and cross-complaints ensued. The action ended at the pleading stage after the trial court sustained, without leave to amend, respondents' demurrers to ASAP's Fourth Amended Complaint, struck a Fifth Amended Complaint ASAP filed without leave of court, and sustained, without leave to amend, respondents' demurrers to ASAP's First Amended Cross-Complaint. The superior court entered judgment in favor of respondents. We affirmed the judgment on June 4, 2012. (*ASAP Copy and Print et al. v. Canon Business Solutions, Inc., et al*. (June 4, 2012, B224295 & B225702) [nonpub. opn.].)

### *August 4, 2011 and August 26, 2011 orders.*

The trial court had on its August 4, 2011 calendar two matters relating to previous sanction orders against Ringgold: (1) an order to show cause re: contempt directed to Ringgold or, in the alternative, sanctions against Ringgold pursuant to Code of Civil Procedure section 177.5; and (2) a continued judgment debtor examination of Ringgold. Appellants had also continued to litigate the merits of a number of orders that the trial court had made in 2010 (the 2010 orders).[2] The trial court had previously denied appellants' motion to vacate the orders because they were the subject of pending appeals.

---

[2]     These orders are as follows: (1) March 4, 2010 protective order relating to documents filed under seal (the protective order); (2) March 9, 2010 order striking ASAP's Fifth Amended Complaint and dismissing the defendants; (3) March 23, 24 and 25, 2010 orders striking ASAP's First Amended Cross-Complaint (one order for each cross-defendant); (4) March 25, 2010 order rejecting documents purporting to have been filed under seal by ASAP; (5) the April 2, 2010 judgment in favor of CFS; (6) May 3, 10, and 11, 2010 orders determining that each defendant was a prevailing party entitled to attorney fees; (7) May 5, 2010 order ordering ASAP's jury fees forfeited; and (8) June 8, 2010 order awarding attorney fees to CFS and CBS.

On August 2, 2011, two days prior to the order to show cause/judgment debtor hearing, appellants, in an ex parte application, renewed their requests to have the court vacate the 2010 orders. Appellants focused in particular on a March 4, 2010 protective order (erroneously referred to by appellants as a " sealing order") encompassing trade secret documents, which the trial court had made at the request of GE. Appellants also asked that the August 4, 2011 hearing date be "modified" (in other words, continued) to a date after the court had heard appellants' renewed requests concerning the protective order. The trial court denied the ex parte application on August 2, 2011.

When court convened on August 4, 2011, Ringgold claimed she did not realize she was supposed to produce documents at the hearing. The trial court responded that on April 27, 2011, it had ordered Ringgold to produce documents for a judgment debtor exam, and had caused the order to be personally served on Ringgold in open court. In fact, the court read verbatim from its April 27, 2011 order.[3] At the conclusion of the August 4 hearing, the trial court ordered Ringgold to pay monetary sanctions of $350 to counsel for CBS, for failing to comply with the order to produce documents. The court continued three other matters to August 25, 2011: sanctions against Ringgold for failure to produce documents pursuant to prior court orders; the order to show cause re: contempt directed to Ringgold; and Ringgold's judgment debtor exam.

On August 26, 2011, the trial court imposed sanctions against Ringgold in the amount of $500, payable to the superior court, "on the grounds that Ms. [Ringgold] has violated the Court's 4/27/11 order by failing to produce documents for today's judgment debtor exam." (Code Civ. Proc., § 177.5.) The court continued the judgment debtor exam and two orders to show cause re: contempt to November 30, 2011.

On December 19, 2011, appellants filed a notice of appeal from the August 4, 2011 and August 26, 2011 orders as postjudgment orders under Code of Civil Procedure

---

[3]     We subsequently reversed the April 27, 2011 order in an unpublished opinion (B232801) filed May 1, 2013. The reversal has no bearing on this appeal.

4

section 904.1, subdivision (a)(2). Appellants contend these "sanction orders" were an abuse of discretion. We conclude the notice of appeal is untimely as to those orders.[4]

Both orders were entered in the court's minutes. (See Eisenberg, Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 3:47, p. 3–23.) As to the August 4, 2011 order, the trial court directed respondents to give notice of entry of the order. The superior court docket, of which we take judicial notice (Evid. Code, § 452, subd. (d)), reflects that respondents mailed a notice of ruling to all parties on August 12, 2011. Pursuant to California Rules of Court, rule 8.104(a)(1)(B), appellants were required to file a notice of appeal of the order within 60 days of that date, with an additional five days because the notice was served by mail. (Code Civ. Proc., § 1013.) The notice of appeal, filed December 19, 2011, was therefore untimely.

The appeal is also untimely as to the August 26, 2011 order. The superior court directed its clerk to give notice of entry of the order, and the clerk gave notice to all parties by mail on September 15, 2011. Appellants were required to file their notice of appeal of the order within 60 days of that date, with an additional five days because notice of entry of the order was served by mail. The notice of appeal, filed December 19, 2011, was likewise untimely.

The time limits for filing a notice of appeal are jurisdictional; "once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; see also *Janis v. California State Lottery Com.* (1998) 68 Cal.App.4th 824, 828–829.) This court therefore lacks jurisdiction to entertain appellants' appeal of the August 4, 2011 and August 26, 2011 orders.

---

[4]     We will assume, *for the purpose of argument only*, that these orders meet the criteria for appealability of postjudgment orders.

### *October 18, November 4, and November 30, 2011 orders.*

On October 18, 2011, the trial court considered the separate motions of ASAP and Ringgold, filed August 25, 2011, to vacate the 2010 orders and unseal documents encompassed by the protective order.  The motions were entitled "Second Submission Under Protest—Identical to June 21, 2010 Filing."  The trial court denied the motions, again finding that the 2010 orders were on appeal and therefore "subject to the automatic stay provision of Code of Civil Procedure section 916."  The court also found that the motions were "an improper attempt to seek reconsideration of this Court's prior orders denying the same motion to vacate."

On November 4, 2011, the court issued a nunc pro tunc order correcting a clerical error.

On November 30, 2011, the court issued an order continuing hearings on several matters and requesting additional briefing on various issues.[5]

Appellants contend the trial court abused its discretion when it concluded it could not consider the motions to vacate because the protective order was on appeal.[6]  We need not address appellants' arguments as to why the automatic stay does not apply to the protective order, because we affirmed the order on June 4, 2012.  Thus, any issues relating to the protective order, or the other orders encompassed by that appeal, are moot.

### *Sanctions.*

On the motion of a party or on its own motion, this court may impose sanctions on a party for taking a "frivolous" appeal (that is, an appeal that indisputably lacks merit) or

---

[5]    Although these latter two orders were included in the notice of appeal, we view them as ministerial and not substantive.  Appellants have not raised any issues concerning these orders in their opening brief.

[6]    Code of Civil Procedure section 916, subdivision (a), provides in pertinent part that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ."

6

appealing solely to cause delay. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a)(1); *In re Marriage of Flaherty*, *supra*, 31 Cal.3d 637.) We conclude this appeal indisputably lacks merit, and impose sanctions against Ringgold.

The issue of whether an appeal "indisputably has no merit" is resolved under an objective standard. "'The objective standard looks at the merits of the appeal from a reasonable person's perspective. 'The problem involved in determining whether the appeal is or is not frivolous is not whether [the attorney] acted in the honest belief he had grounds for appeal, but whether any reasonable person would agree that the point is totally and completely devoid of merit, and, therefore frivolous.'" (*In re Marriage of Flaherty*, *supra*, 31 Cal.3d at p. 649, citation omitted.)

Ringgold, on behalf of herself and ASAP, filed a notice of appeal from six orders that purported to be postjudgment orders pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2). The notice of appeal was untimely as to the August 4 and August 26, 2011 orders. Two others (the November 4 and November 30, 2011 orders) were simply ministerial, not substantive, and did not meet the requirements for appealable postjudgment orders. (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–652.)

The appeal of the October 18, 2011 order is the most egregious. The substance of the appeal is a challenge to the March 4, 2010 protective order, which, as the trial court correctly noted, was automatically stayed because the order was on appeal. On June 4, 2012, we affirmed the judgment in favor of respondents and all the orders that were on appeal at that time, including the March 4, 2010 protective order.[7] Yet, more than five months later, Ringgold filed an opening brief in which she challenged the validity of the protective order, including an argument that the order violated appellants' right to due process because it prevented ASAP from pursuing a case that had already been dismissed

---

[7]    Ringgold has filed yet another appeal challenging the protective order. That appeal (B249588) is pending in this division.

at the pleading stage, and prevented Ringgold from challenging the numerous sanction orders against her.  No reasonable attorney would conclude that such an appeal had merit.

## **DISPOSITION**

The appeal is dismissed as to the orders of August 4 and 26, 2011.  The remaining orders are affirmed.

Ringgold is directed to pay sanctions in the amount of $8,000, as follows:  $5,000 payable to the Clerk of this court, $2,000 payable to counsel for respondent Canon Financial Services, Inc., and $1,000 payable to counsel for respondent Canon Business Solutions, Inc.  The sanctions are to be paid within 30 days of the date this court issues its remittitur.  Failure to pay the sanctions will result in this court issuing an order to show cause re: contempt.

Upon issuance of the remittitur, the Clerk of this court is directed to transmit a copy of this opinion to the State Bar of California for consideration of discipline against Ringgold.  Ringgold is likewise directed to transmit a copy of the opinion to the State Bar.  (Bus. & Prof. Code, §§ 6068, subd. (o)(3), 6086.7, subd. (a)(c).)

Appellants' motion to unseal records lodged conditionally under seal is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, P. J.
    BOREN

We concur:


_____, J.      _____, J.
ASHMANN-GERST           CHAVEZ