Filed 2/16/16  Sepehry-Fard v. The Bank of New York Mellon CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FAREED SEPEHRY-FARD, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON et al., <br><br> Defendants and Respondents. | H039493 <br> (Santa Clara County <br> Super. Ct. No. CIV210028) |

Plaintiff Fareed Sepehry-Fard appeals the judgment of dismissal following an order sustaining the demurrer of defendants Bank of New York Mellon, et al. (collectively, defendants).  For the reasons stated here, we will affirm the judgment.

## I.    TRIAL COURT PROCEEDINGS

Though not disclosed in plaintiff's first amended complaint or his briefing in this court, his dispute with defendants apparently arises out of two home loans plaintiff obtained in 2005 to refinance a residential property in Saratoga.  The loans, totaling $975,800, were secured by deeds of trust[1] recorded with the County of Santa Clara in September 2005.  Notice of default does not appear in the record on appeal, and defendants note no such notice had been recorded against the property and no foreclosure proceedings had been commenced.

---

[1]  The trial court granted defendants' request for judicial notice of the recorded deeds of trust.  As matter properly noticed by the trial court, we likewise take judicial notice of the deeds of trust.  (Evid. Code, § 459, subd. (a).)

Plaintiff filed an initial complaint in September 2011.  Defendants demurred, which the trial court sustained with leave to amend.  After an unsuccessful motion for reconsideration, plaintiff filed his first amended complaint in September 2012 alleging seven causes of action:  (1) declaratory judgment regarding defendants' authority to foreclose; (2) negligence; (3) quasi-contract; (4) violation of 12 U.S.C. § 2605 of the Real Estate Settlement Procedures Act; (5) violation of 15 U.S.C. § 1692 of the Fair Debt Collection Practices Act; (6) unfair competition (Bus. & Prof. Code, § 17200); and (7) action for accounting.

Defendants filed a general demurrer arguing the first amended complaint did not state facts sufficient to constitute a cause of action.  (Code Civ. Proc., § 430.10, subd. (e).)  The trial court sustained the demurrer as to all causes of action, but granted leave to amend the second, fourth, sixth, and seventh causes of action.

Plaintiff did not amend the first amended complaint and the trial court entered a judgment of dismissal.

## II.    DISCUSSION

Before reaching plaintiff's challenge to the order sustaining defendants' demurrer to the first amended complaint, we address and reject plaintiff's argument that the trial court lacked personal and subject matter jurisdiction.  By voluntarily filing a complaint and appearing at hearings in the trial court, plaintiff consented to the trial court's exercise of personal jurisdiction.  (See Rest.2d Conf. of Laws, § 32 ["A state has power to exercise judicial jurisdiction over an individual who has consented to the exercise of such jurisdiction."].)  As for subject matter jurisdiction, "[t]he California Constitution confers broad subject matter jurisdiction on the superior court.  (Cal. Const., art. VI, § 10.)" (*Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014, 1029.)  While there are some limitations on the subject matter jurisdiction of the superior court (e.g., matters of exclusive federal jurisdiction), those limitations do not apply to any causes of action in the first amended complaint.

### A. DEMURRER

#### 1. Standard of Review

A general demurrer is proper when "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).) We review a judgment of dismissal based on a sustained demurrer de novo. (*Doan v. State Farm General Ins. Co.* (2011) 195 Cal.App.4th 1082, 1091.) We will reverse the judgment of dismissal if the allegations of the complaint state a cause of action "under any legal theory." (*Ibid.*) We assume the truth of all facts alleged in the complaint unless those facts are contradicted by judicially noticeable materials. (*Stoney Creek Orchards v. State of California* (1970) 12 Cal.App.3d 903, 906; *SC Manufactured Homes, Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 82–83.) We do not, however, consider conclusory factual or legal allegations contained in the complaint. (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953 (*B & P Development*).)

#### 2. Waiver of Certain Arguments

Defendants argue that plaintiff waived any error made by the trial court by failing to provide reasoned legal analysis in his appellate briefing. We will not address claims on appeal that are not supported by reasoned argument and citations to relevant authority. (*Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1084, fn. 16 (*Tichinin*).)

Plaintiff has provided sufficient argument related to the first, sixth, and seventh causes of action for us to determine whether the trial court erred in sustaining the demurrer to those causes of action. However, plaintiff's opening brief makes no argument related to the second, third, fourth, or fifth causes of action. His reply brief is similarly deficient, making passing reference to those causes of action but no argument related to them. We therefore find plaintiff has waived his challenge to the order sustaining the demurrer to the second, third, fourth, and fifth causes of action in the first amended complaint. (*Tichinin, supra,* 177 Cal.App.4th 1049, 1084, fn. 16; see also *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1 ["A party

3

proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' "].)  We likewise do not consider plaintiff's argument for rescission under 15 U.S.C. § 1635 and *Jesinoski v. Countrywide Home Loans, Inc.* (2015) 574 U.S. __, 135 S.Ct. 790—raised for the first time by motion after the case was fully briefed—because that theory was not raised in plaintiff's first amended complaint.  (*Tichinin*, at p. 1084, fn. 16.)

### 3.  Declaratory Relief Regarding Defendants' Authority to Foreclose (First Cause of Action)

The first cause of action alleges that defendants are "third party strangers" to plaintiff and his home loans because he originally obtained the loans from other entities.  By seeking a declaration that none of the defendants "have a secured or unsecured legal, equitable, or pecuniary interest" in the deeds of trust that secure his home loans, plaintiff's first cause of action is a preemptive challenge to the defendants' authority to foreclose on his property.  As we discuss next, the demurrer to this first cause of action was properly sustained because the nature of the nonjudicial foreclosure system in California precludes preemptive challenges to an entity's authority to disclose.

#### a.  Nonjudicial foreclosure

A deed of trust securing a home loan promissory note establishes a three party agreement.  The trustor-debtor is the homeowner who has possession of the property and makes periodic payments to the lending institution.  The lending institution is referred to as the beneficiary-creditor and provides the loan that is secured by the deed of trust.  The third party is referred to as the trustee and acts as agent for the beneficiary-creditor while also serving as a beneficiary to the agreement.  (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 508 (*Jenkins*).)

Unlike a traditional trustee, who has numerous duties, the trustee for a deed of trust has two mutually exclusive duties.  If the trustor-debtor repays the entire amount of the loan, the trustee transfers legal title to the trustor-debtor.  If the trustor-debtor

4

defaults, the trustee must initiate a foreclosure for the benefit of the beneficiary-creditor. Because of these characteristics, deeds of trust have been described as the "functional equivalent of 'a lien on the property.' [Citation.]" (*Jenkins, supra,* 216 Cal.App.4th at p. 508.)

"Sections 2924 through 2924k [of the Civil Code] set forth a 'comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.' " (*Jenkins, supra,* 216 Cal.App.4th at p. 508, quoting *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830, italics omitted.) If the trustor-debtor fails to make all required payments, the trustee, beneficiary, "or any of their authorized agents" must first record a notice of default and election to sell with the office of the recorder in the county where the property is located. (Civ. Code, § 2924, subd. (a)(1).) After allowing the statutorily mandated three months to elapse, "a notice of sale must be published, posted, recorded and mailed 20 days before the foreclosure sale." (*Jenkins, supra,* at p. 509, citing Civ. Code, §§ 2924, subd. (a)(3), 2924f.) Finally, if all notice requirements are met, the foreclosed property must be sold to the highest bidder at a public auction in the county where the property is located. (Civ. Code, § 2924g, subd. (a).)

The trustor-debtor can prevent a foreclosure sale by exercising the rights of reinstatement or redemption. To exercise the right to reinstatement, the trustor-debtor must pay all past-due amounts on the promissory note at any time until five business days before the sale. (Civ. Code, § 2924c, subd. (e).) Alternatively, the trustor-debtor can cure the default and exercise the right of redemption by paying the total outstanding debt at any time before the sale. (Civ. Code, §§ 2903, 2905.)

### b. Analysis

Judicial actions challenging nonjudicial foreclosures are limited. Because of the " 'exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.' [Citations.]" (*Gomes v.*

5

*Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154 (*Gomes*).) Thus, trustor-debtors may only bring judicial actions alleging "misconduct arising out of a nonjudicial foreclosure sale when [such a claim is] not inconsistent with the policies behind the statutes." (*California Golf, L.L.C. v. Cooper* (2008) 163 Cal.App.4th 1053, 1070.) Recognizing this limitation, "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." (*Jenkins, supra,* 216 Cal.App.4th at p. 511, citing *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440–442 (*Debrunner*); *Gomes,* at pp. 1154–1157.)

In *Gomes*, the court affirmed dismissal of a preemptive judicial action challenging the right to undertake a nonjudicial foreclosure. (*Gomes*, *supra*, 192 Cal.App.4th at p. 1155.) There, the plaintiff brought a declaratory relief action claiming Civil Code section 2924 allowed for a preemptive action "to test whether the person initiating the foreclosure has the authority to do so." (*Gomes,* at p. 1155.) The *Gomes* court first noted that "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action." (*Ibid.*) The court also refused to imply such a cause of action, reasoning that to do so "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Ibid.*) Distinguishing federal foreclosure cases relied on by the plaintiff, the court noted that the plaintiffs in those cases had alleged "specific factual bas[es]" supporting their preemptive challenges. (*Id.* at p. 1156, italics omitted.)

A different panel of this court reached a similar conclusion in *Debrunner, supra,* 204 Cal.App.4th 433. In that case, the plaintiff argued that the promissory note, as a negotiable instrument, could not be assigned without a valid endorsement and physical delivery because of the requirements of the California Uniform Commercial Code. (*Id.* at

6

p. 440.) We rejected that argument, concluding that the "detailed, specific, and comprehensive set of legislative procedures the Legislature has established for nonjudicial foreclosures" should not be displaced by general provisions of the California Uniform Commercial Code. (*Id.* at p. 441.)

*Debrunner* quoted the federal district court which noted in *Lane v. Vitek Real Estate Industries Group* (E.D.Cal. 2010) 713 F.Supp.2d 1092 (*Lane*), that since foreclosure proceedings can be initiated by " 'a trustee, mortgagee, beneficiary, or any of their agents[,] ... the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.' " (*Debrunner, supra,* 204 Cal.App.4th at p. 441, quoting *Lane,* at p. 1099.)

*Jenkins, supra*, 216 Cal.App.4th 497, reached the same result. There, the court affirmed dismissal of a cause of action which asserted "a right to bring a preemptive judicial action to determine whether [the defendants] have the authority to initiate nonjudicial foreclosure on [the plaintiff's] home ... ." (*Id.* at pp. 512–513.) As in *Gomes* and *Debrunner,* the *Jenkins* court noted the lack of an explicit cause of action in the Civil Code and reasoned that implying a cause of action would be contrary to the intent of the nonjudicial foreclosure statute because it would involve "the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." (*Id.* at p. 513.)

Like the complaints in the foregoing authorities, plaintiff's first amended complaint provides no specific factual basis to call into question the ability of defendants to initiate a nonjudicial foreclosure. Instead, plaintiff merely asserts that defendants are not the parties from whom he originally obtained his home loans. Because plaintiff may not preemptively challenge defendants' authority to foreclose, the trial court properly sustained defendants' demurrer to the first cause of action. We also note that any allegation of misconduct by defendants appears unripe because, based on the record

7

before us, no notice of default had been recorded against either of plaintiff's deeds of trust for the Saratoga property.

### 4. Unfair Business Practices (Bus. & Prof., § 17200; Sixth Cause of Action)

The first amended complaint asserts that defendants' "acts and practices are unlawful, unfair, and fraudulent." From plaintiff's appellate briefing, we discern two claims arguably related to this point: (1) a general fraud allegation; and (2) a claim that defendants pooled plaintiff's promissory notes with those of other homeowners without adhering to the requirements of defendants' own pooling and servicing agreement.

### a. Plaintiff did not Plead Fraud with Specificity

To prove fraud, a plaintiff must show: (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 792 (*West*).) Fraud causes of action are held to a higher pleading standard. "[The] plaintiff must allege facts showing how, when, where, to whom, and by what means the [fraudulent] representations were made, and, in the case of a corporate defendant, the plaintiff must allege the names of the persons who made the representations, their authority to speak on behalf of the corporation, to whom they spoke, what they said or wrote, and when the representation was made." (*Id.* at p. 793.)

An example of a complaint alleging sufficient facts to support a fraud cause of action in the foreclosure context is seen in *West*. There, the plaintiff pointed to specific misrepresentations in agreements and letters between her and the defendant, and attached copies of those documents to her complaint. (*West, supra,* 214 Cal.App.4th at p. 793.) She also described misrepresentations made by representatives of the defendant during

8

phone calls on specific dates. (*Id.* at pp. 793–794.) From those facts, the court concluded the plaintiff had sufficiently stated a claim for fraud. (*Ibid.*)

Plaintiff's sixth cause of action lists a number of actions allegedly taken by defendants that plaintiff deems fraudulent, including "[e]xecuting and recording false and misleading documents" and "[d]emanding and accepting payments for debts that were non-existent ... ." These conclusory allegations, unsupported by specific factual allegations, do not meet the specificity required to state a fraud cause of action. Even if we deemed these statements adequate to plead a false representation of fact, the sixth cause of action does not contain any factual allegations regarding scienter or detrimental reliance. Thus, the first amended complaint does not contain facts sufficient to state a cause of action for fraud.

### b. No Standing to Challenge Pooling and Servicing Agreement

The first amended complaint alleges defendants pooled plaintiff's promissory notes with those of other homeowners without adhering to the requirements of defendants' pooling and servicing agreement. In *Jenkins,* the court rejected a claim identical to plaintiff's based on lack of standing. (*Jenkins, supra,* 216 Cal.App.4th 497.) The *Jenkins* court first noted that any violations of the pooling and servicing agreement would affect only the holders of the promissory note on the one hand and the third-party acquirers of the note on the other. (*Jenkins,* at p. 515.) Because the plaintiff-homeowner was not a party to the pooling agreements or any promissory note transfers, the court found she lacked standing to challenge compliance with the agreements. (*Ibid.*) The court also explained that even if the plaintiff-homeowner had standing and could show violations of the pooling and servicing agreement, she would have no cause of action because "her obligations under the note remained unchanged." (*Ibid.*)

Like the homeowner in *Jenkins*, plaintiff lacks standing to challenge compliance with defendants' pooling and servicing agreement because he is not a party to that agreement and his obligations remain the same regardless of the holder of the note.

9

Plaintiff can show no injury based on the transfer of his promissory notes to other creditors.  " 'Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an assignment merely substituted one creditor for another, without changing [plaintiff's] obligations under the note.' "  (*Jenkins, supra,* 216 Cal.App.4th at p. 515, quoting *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507.)  Plaintiff therefore cannot state a cause of action related to the pooling and servicing agreement and the trial court properly sustained the demurrer to the sixth cause of action.

### 5.  Accounting (Seventh Cause of Action)

The final cause of action in the first amended complaint is plaintiff's request for an accounting "of the money due to Plaintiff from Defendants ... ."  However, as the trial court correctly noted, " '[a] right to an accounting is derivative; it must be based on other claims.' "  (Quoting *Janis v. Cal. State Lottery Com.* (1998) 68 Cal.App.4th 824, 833.)  Because the first amended complaint does not state facts sufficient to constitute a cause of action on any other basis, the accounting claim must fail.

### B.  DENIAL OF LEAVE TO AMEND

We review a trial court's decision denying a plaintiff leave to amend a complaint for abuse of discretion.  (*Debrunner, supra*, 204 Cal.App.4th at p. 439.)  We will reverse the decision if there is a reasonable possibility plaintiff could cure the defects in the complaint through amendment.  (*Ibid.*)  "The plaintiff has the burden of proving that an amendment would cure the defect."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  However when, as here, " ' "plaintiff is given the opportunity to amend his [or her] complaint and elects not to do so, strict construction of the complaint is required and it must be presumed that the plaintiff has stated as strong a case as he [or she] can." ' "  (*Moncada v. West Coast Quartz Corp.* (2013) 221 Cal.App.4th 768, 792.)

Plaintiff elected not to amend any of the causes of action in his first amended complaint despite the trial court granting leave to amend the second, fourth, sixth, and

10

seventh causes of action. We therefore presume that he stated as strong a case as he could on those causes of action and do not consider whether there is a reasonable possibility he could cure their defects. (*Moncada, supra,* 221 Cal.App.4th at p. 792.) Additionally, we do not consider whether the trial court abused its discretion in denying leave to amend the third and fifth causes of action because plaintiff waived the issues by failing to raise them on appeal. (*Tichinin, supra,* 177 Cal.App.4th at p. 1084, fn. 16.)

Remaining for us to decide is whether the trial court abused its discretion in denying plaintiff leave to amend the first cause of action. It is settled that California courts will not allow preemptive attacks on nonjudicial foreclosures based solely on generalized allegations. (See *Debrunner, supra*, 204 Cal.App.4th at pp. 440–442.) In dicta, the court in *Gomes* suggested that a preemptive attack on a nonjudicial foreclosure might adequately state a cause of action if the complaint provides a "specific factual basis" to call a defendant's authority to foreclose into question. (*Gomes, supra,* 192 Cal.App.4th at p. 1156, italics omitted.) Here, however, plaintiff has failed to set forth a specific factual basis for his claim despite multiple opportunities to do so. We find no reasonable possibility plaintiff could cure the defects. The trial court did not abuse its discretion in denying leave to amend the first cause of action challenging defendants' authority to foreclose.

### III. DISPOSITION

The judgment is affirmed.

11

_____
Grover, J.

**WE CONCUR:**


_____
Rushing, P.J.



_____
Márquez, J.




*Fareed Sepehry-Fard v The Bank of New York Mellon et al.*
**H039493**