NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MITCHELL MILLER,

        Plaintiff-Appellant,

  v.

BANK OF AMERICA, N.A., as successor in interest to America's Wholesale Lender its successor and or assigns; et al.,

        Defendants-Appellees.

No.   17-56720

D.C. No. 2:16-cv-07528-AB-GJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Mitchell Miller appeals pro se from the district court's order dismissing his action alleging federal and state law foreclosure-related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Miller's Truth in Lending Act ("TILA"), fraud, and Unfair Competition Law claims as time-barred. *See* 15 U.S.C. § 1635(f) (three-year period to exercise right of rescission under TILA); Cal. Civ. Proc. Code § 338(d) (three-year statute of limitations for fraud claim under California law); Cal. Bus. & Prof. Code § 17208 (four-year statute of limitations for unfair business practices claim under California law). Because these claims are time-barred, we do not consider Miller's arguments concerning the merits of these claims.

The district court properly dismissed Miller's claim under 26 U.S.C. § 860G(d)(1) for an alleged violation of the pooling and servicing agreement because Miller failed to allege facts sufficient to show he had standing to bring the claim. *See In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017) (borrowers are not third-party beneficiaries of pooling and service agreements); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (borrower lacks standing to bring a preforeclosure action for wrongful foreclosure based on an alleged defect in the assignment).

The district court properly dismissed Miller's cancellation of instruments claim because Miller failed to allege facts sufficient to show that the loan documents were void or voidable. *See Thompson v. Ioane*, 218 Cal. Rptr. 3d 501, 512 (Ct. App. 2017) (setting forth elements of cancellation of instruments claim under California law).

The district court properly dismissed Miller's Fair Debt Collection Practices Act claim because Miller failed to allege facts sufficient to state a plausible claim. *See* 15 U.S.C. § 1692 *et seq.*; *see also Hebbe*, 627 F.3d at 341 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

Because we affirm the dismissal of Miller's substantive claims, the district court properly dismissed Miller's accounting claim under California law. *See Janis v. Cal. State Lottery Comm'n*, 80 Cal. Rptr. 2d 549, 554 (Ct. App. 1998) (right to accounting is derivative in that it must be based on other claims).

The district court did not abuse its discretion by denying Miller's motion to reconsider because Miller failed to establish any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

3                                                                    17-56720

Contrary to Miller's contentions, the district court did not grant a request by defendants for judicial notice.

We do not consider arguments and allegations raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**