Filed 9/30/15

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE INLAND OVERSIGHT COMMITTEE, | E060022 |
| Plaintiff and Appellant, | (Super.Ct.No. CIVRS1304541) |
| v. | O P I N I O N |
| CITY OF ONTARIO et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County. Joseph R. Brisco, Judge. Dismissed.

Briggs Law Corporation, Cory J. Briggs, Anthony N. Kim, and Mekaela M. Gladden for Plaintiff and Appellant.

Best Best & Krieger, Richard T. Egger, Kira L. Klatchko, and Irene S. Zurko for Defendants and Respondents.

Colantuono, Highsmith & Whatley, Michael G. Colantuono and David J. Ruderman for San Diego Tourism Marketing District Corporation, Greater Palm Springs Convention and Visitors Bureau, Los Angeles Tourism Marketing District, Santa Monica

1

Convention and Visitors Bureau, San Francisco Tourism Improvement District Management Corporation, and California Travel Association as Amici Curiae on behalf of Defendants and Respondents.

## I. INTRODUCTION

In 2013, defendant and respondent, City of Ontario, with the consent of defendant and respondent, City of Rancho Cucamonga, established the Greater Ontario Tourism Marketing District (the GOTMD), pursuant to the Property and Business Improvement District Law of 1994 (the District Law). (Sts. & Hy. Code, §§ 36600-36671.)[1] The GOTMD is comprised of all lodging businesses operating in the two cities, and its mandate is to market and promote the businesses as "tourist, meeting and event destinations" with assessments imposed on the businesses based on their room rates and rental volumes. (See § 36632.)

Plaintiff and appellant, The Inland Oversight Committee (IOC), sued the cities to invalidate the assessments on the ground they were a "tax" that was not approved by a majority or supermajority of the cities' voters as article XIII C of the California Constitution required. (Cal. Const., art. XIII C, §§ 1, subd. (e)(2), 2, subds. (b) [majority voter approval required for general taxes], (d) [supermajority voter approval required for special taxes].) IOC claims the assessments are either a general tax requiring majority voter approval or a special tax requiring supermajority voter approval.

---

[1] All further statutory references are to the Streets and Highways Code unless otherwise indicated.

IOC alleges it is a nonprofit organization representing the cities' registered voters and city residents who either did or did not rent hotel rooms in the cities after learning the lodging businesses could pass the assessments onto their guests. IOC claims that the cities' registered voters were deprived of their right to vote on the assessments under article XIII C of the California Constitution and, "[f]undamentally, this case is about the [public's] constitutional right to vote" on new taxes. The cities demurred to IOC's complaint and writ petition on the ground that neither IOC nor any of its members had standing to challenge the validity of the assessments.

The trial court sustained the demurrers, without leave to amend, on the ground that neither IOC nor any of its members had standing to challenge the validity of the assessments. On October 3, 2013, the trial court signed and mailed an order dismissing the action. (Code Civ. Proc., § 581d.) On November 7, 2013, IOC filed a notice of appeal from the judgment. On July 14, 2014, the cities filed a motion to dismiss the appeal along with their respondent's brief. IOC responded to the motion, both in its reply brief and in a separate opposition to the motion.

The cities claim this court lacks jurisdiction to consider the merits of IOC's appeal because IOC's notice of appeal was untimely filed on November 7, 2013, more than 30 days after the judgment was entered on October 3, 2013. (§ 36633.) We deferred ruling on the motion for consideration with the appeal. For the reasons we explain, we agree that IOC's notice of appeal was untimely filed. We therefore lack jurisdiction to consider the merits of the appeal and must dismiss the appeal.

3

## II. DISCUSSION

The timely filing of a notice of appeal "is an absolute prerequisite to the exercise of appellate jurisdiction; once the deadline expires, we have no power to entertain the appeal." (*Janis v. California State Lottery Com.* (1998) 68 Cal.App.4th 824, 828-829; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) "If a notice of appeal is not timely, the appellate court *must* dismiss the appeal. [Citations.]" (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1573.)

Rule 8.104 of the California Rules of Court prescribes 60- and 180-day time limits on the filing of a notice of appeal, but these time limits do not apply if a statute prescribes another time limit.[2] Section 36633 prescribes a 30-day time limit on the filing of a notice of appeal in any action or proceeding challenging the validity of an assessment levied pursuant to the District Law. The statute provides: "The validity of an assessment levied under this part shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the resolution levying the assessment is adopted pursuant to Section 36626. *Any appeal from a final judgment in an action or proceeding shall be perfected within 30 days after the entry of judgment.*" (Italics added.) Section 36633 thus prescribes 30-day time limits on *both* (1) the commencement of an action or proceeding challenging the validity of an assessment levied pursuant to the District law and (2) the filing of a notice of appeal in any such action or proceeding.

---

[2] California Rules of Court, rule 8.104 states, in part: "Unless a statue . . . provides otherwise, a notice of appeal must be filed on or before the earliest of: . . ."

IOC timely commenced the present action and writ proceeding challenging the validity of the City of Ontario's resolution establishing the GOTMD and approving the levy of an assessment on lodging businesses in order to fund the GOTMD,[3] but IOC did not timely appeal the order or judgment sustaining the cities' demurrers and dismissing the action. On October 3, 2013, the trial court signed and filed the order (and judgment) sustaining the cities' demurrers to IOC's complaint and writ petition and dismissing the action. (Code Civ. Proc., § 581d; *Bernard v. City of Oakland* (2012) 202 Cal.App.4th 1553, 1558, fn. 3 [a written, signed order dismissing a complaint is treated as an appealable judgment].) IOC filed its notice of appeal *35 days* later, on November 7, 2013. The notice of appeal was untimely, because it was not filed (i.e., "perfected") within 30 days after the judgment was entered on October 3, 2013. (§ 36633; Cal. Rules of Court, rule 8.104(c) [a judgment is entered on the date it is filed].) This court thus lacks jurisdiction to consider the merits of IOC's appeal and must dismiss the appeal.[4] (*Payne v. Rader*, *supra*, 167 Cal.App.4th at p. 1573.)

---

[3] On June 4, 2013, the City of Ontario adopted city council resolution No. 2013-041 establishing the GOTMD for a five-year term and approving the levy of an assessment on lodging businesses operating in the cities of Ontario and Rancho Cucamonga in order to fund the GOTMD. Less than 30 days later, on July 1, 2013, IOC timely filed its complaint and writ petition, seeking a judgment invalidating both the "TMD approval" and the levy of the assessments to fund the GOTMD. (In the interim, on July 13, 2013, the City of Rancho Cucamonga passed city council resolution No. 13-027, consenting to the creation of the GOTMD by the City of Ontario.)

[4] If we were to reach the merits of IOC's claims on appeal, we would conclude that the cities' demurrers to IOC's complaint and writ petition were properly sustained, without leave to amend, because neither IOC nor any of its members have standing to challenge the validity of the assessments levied in order to fund the GOTMD.

IOC claims the 30-day time limits of section 36633 do not apply, because, by its complaint and writ petition, IOC did not allege that the assessments were invalid because the City failed to comply with the District Law (§§ 36600-36671), but because the assessments were a general or a special "tax" not approved by the cities' voters pursuant to article XIII C of the California Constitution. IOC is mistaken, because the basis of its invalidity claim is immaterial to the application of section 36633. The 30-day time limits of section 36633 apply to "any action" challenging "the validity" of an assessment levied pursuant to the District law, regardless of the basis of the validity challenge. (§ 36633.) Further, under long-settled law, it is the gravamen of the complaint (here, that the assessments were invalid), rather than the form of the action or the specific relief demanded, that determines the applicable limitations period. (*McLeod v. Vista Unified School Dist.* (2008) 158 Cal.App.4th 1156, 1165; *Hensler v . City of Glendale* (1994) 8 Cal.4th 1, 22-23.)

## III. DISPOSITION

The appeal by petitioner and appellant IOC is dismissed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

CERTIFIED FOR PUBLICATION

KING _____
                                     J.

We concur:

McKINSTER _____
           Acting P. J.

MILLER _____
              J.