Filed 8/20/19

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM E. DAVIS et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>MARIPOSA COUNTY BOARD OF SUPERVISORS,<br><br>    Defendant and Respondent. | F074986<br><br>(Super. Ct. No. 10600)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Mariposa County.  Gerald F. Sevier, Judge.[*]

Law Offices of Richard L. Harriman, Richard L. Harriman; Baker, Manock & Jensen, Kenneth J. Price, J. Jackson Waste, Craig W. Armstrong; Whitney Thompson & Jeffcoach and James A. Ardaiz for Plaintiffs and Appellants.

Colantuono, Highsmith & Whatley, Michael G. Colantuono, John L. Jones II, and Aleks R. Giragosian for Defendant and Respondent.

---

[*]Retired Judge of the Tulare Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Burke, Williams & Sorensen, Kevin D. Siegel, and Megan A. Burke for the League of California Cities and the California State Association of Counties as Amici Curiae on behalf of Defendant and Respondent.

-ooOoo-

The Board of Supervisors of Mariposa County (the County or respondent) adopted a resolution to levy an annual "assessment" of $80 upon certain real property to fund expenditures related to firefighting services. The affected residents had been given the opportunity to vote on the proposed levy, and it was supported by 61 percent of the voters. The County claimed to have acted pursuant to Government Code section 50078, which is part of a statutory scheme entitled "Fire Suppression Assessments."

Mariposa County's then auditor, William E. Davis, and a local organization called Citizens for Constitutional Government (collectively, appellants), filed a lawsuit challenging the legality of the resolution. Appellants claimed the supposed assessment was actually a special tax, meaning it had to be approved by two-thirds of the electorate. (See Cal. Const., art. XIII C, § 2, subd. (d).) The case proceeded to a bench trial, and the County prevailed on all issues. Appellants' notice of appeal was filed 56 days after the notice of entry of judgment.

The County has moved to dismiss the appeal for lack of appellate jurisdiction. According to Government Code section 50078.17, judicial proceedings concerning an ordinance or resolution adopted pursuant to Government Code section 50078 et seq. are governed by Code of Civil Procedure sections 860 through 870.5, commonly known as the validation statutes. Code of Civil Procedure section 870, subdivision (b) establishes a 30-day deadline for the filing of a notice of appeal in such actions. Independent of the validation statutes, Government Code section 50078.17 states that "[a]ny appeal from a final judgment in the action or proceeding brought pursuant to this section shall be filed within 30 days after entry of the judgment." Thus, as explained herein, respondent has

demonstrated the untimeliness of this appeal. We are without jurisdiction to review the trial court's judgment, so the appeal must be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2008, respondent initiated the formation of County Service Area No. 3 (CSA No. 3) "as a special assessment benefit district supporting enhanced fire protection services." The Local Agency Formation Commission approved this action, and the proposed formation of CSA No. 3 was presented to affected residents for a vote. The same voters were asked to support or oppose a "special assessment on all owners of improved parcels residing therein." The quoted language in this paragraph is taken from appellants' operative pleading below. The record on appeal confirms the formation of CSA No. 3 but is silent with regard to some of these details.

In July 2008, the County adopted Resolution No. 08–340, which officially created CSA No. 3 and established a levy of "$80 per developed parcel per year" for "structural fire protection." The levy was characterized as an assessment that would be imposed for a 15-year period to fund the acquisition of new fire engines and water tenders, and to pay for capital improvements to fire stations. Over 62 percent of affected residents who voted on the issue were in favor of the resolution.

Five years later, in November 2013, appellant Davis filed a lawsuit challenging the annual levy. He argued the levy did not qualify as an assessment under article XIII D of the California Constitution (added in November 1996 by the initiative known as Proposition 218) and was therefore unconstitutional. In response, the County took steps to replace the disputed resolution with one that would withstand scrutiny under Proposition 218.[1]

---

[1]Appellants' first lawsuit, Mariposa Superior Court case No. 10429 (referred to by the parties as *Davis I*), is not at issue in this appeal. The record contains limited information about *Davis I*, but what is mentioned sheds light on the relevant procedural history. According to appellants' trial counsel, although the $80 levy was approved by voters in 2008 for a 15-year period, it is "reauthorized" by the County on an annual basis "as part of the budget cycle."

The County consulted with outside legal counsel, hired an engineering firm to prepare the required report (see Cal. Const., art. XIII D, § 4, subd. (b)), held public meetings, and distributed ballots to affected citizens. The County proposed to continue the annual levy of $80 upon all developed parcels within CSA No. 3, meaning parcels with structures on them, i.e., improvements valued at $10,000 or more, and excluding areas served by the Mariposa Public Utilities District. Similar to the electorate's response in 2008, approximately 61 percent of the voters supported the proposal.

In May 2014, the County adopted Resolution No. 14–211 (alternatively referred to as No. 2014–211), which purported to impose and levy the subject "County Service Area No. 3 Fire Suppression Assessment … pursuant to Title 5, Division 1, Part 1, Chapter 1, Article 3.6 of the California Government Code (Section 50078 et seq.)." Seven months later, in December 2014, appellants filed the operative pleading below, which was styled as a petition for writ of mandate and complaint for declaratory and injunctive relief. Appellants purported to assert three causes of action for traditional mandate (see Code Civ. Proc., § 1085), each alleging the County's adoption of Resolution No. 14–211 violated Proposition 218. A fourth cause of action sought to have the resolution declared invalid and unconstitutional for failure to comply with Government Code section 50078.2 and Proposition 218. A fifth cause of action similarly alleged violations of Government Code section 50078.2 and Proposition 218 as the basis for injunctive relief.

Appellants' pleading also included these allegations:

"[The County] derives its authority from the California Health and Safety Code Section 13800 *et seq*, commonly referred to as the 'Fire District Law of 1987' and/or the Bergeson Fire Service District Law when adopting

*Davis I* reportedly challenged the legality of Resolution No. 13–299, which the County had adopted in July 2013 to authorize the $80 levy for the next fiscal year. The County adopted a superseding resolution in 2014, which led to the current lawsuit. At the time of trial in this action, the parties disputed whether *Davis I* had been rendered moot by the intervening events. The trial court denied appellants' motion to consolidate *Davis I* with this case, and the record is silent as to the ultimate disposition of *Davis I*.

4.

binding resolutions affecting the formation of benefit assessment districts for fire protection. [The County] is also empowered and required to establish assessments according to risk as set forth in Govt. C. section 50078.2 *et seq.*"

On June 29, 2016, following a one-day bench trial, the matter was taken under submission. On September 8, 2016, the trial court issued a written decision, ruling in favor of the County on all claims. The corresponding judgment was entered on November 7, 2016, and a notice of entry of judgment was filed and served on November 9, 2016. Appellants' notice of appeal was filed 56 days later, on January 4, 2017.

The County, in conjunction with the filing of its respondent's brief, moved to dismiss the appeal "for lack of appellate jurisdiction as the notice of appeal came after the 30-day period specified by Government Code section 50078.17 and Code of Civil Procedure section 870, subdivision (b)." Appellants filed an opposition, the County filed a reply thereto, and we deferred our ruling pending further briefing on the merits of the appeal. The briefing is complete, and we now grant the motion to dismiss for the reasons that follow.

## DISCUSSION

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services*, *Inc. v. Customized Worldwide Weather Ins. Agency*, *Inc*. (1997) 15 Cal.4th 51, 56.) A notice of appeal is generally due within 60 days of service of the notice of entry of judgment *unless a statute provides otherwise*. (Cal. Rules of Court, rule 8.104(a)(1).) Respondent alleges the applicability of a 30-day deadline under one or more statutes. Appellants say the question of appellate jurisdiction cannot be determined without first reaching the merits of the appeal.

Appellants' opening brief on the merits describes their lawsuit as being "strictly about a purported assessment's validity under Proposition 218." We thus provide an

5.

overview of Proposition 218, which will help to explain appellants' position vis-à-vis the motion to dismiss.

> "Proposition 218 can best be understood against its historical background, which begins in 1978 with the adoption of Proposition 13. 'The purpose of Proposition 13 was to cut local property taxes. [Citation.]' [Citation.] Its principal provisions limited ad valorem property taxes to 1 percent of a property's assessed valuation and limited increases in the assessed valuation to 2 percent per year unless and until the property changed hands. [Citation.]" (*Howard Jarvis Taxpayers Assn. v. City of Riverside* (1999) 73 Cal.App.4th 679, 681 (*Howard Jarvis*).)

"To prevent local governments from subverting its limitations, Proposition 13 also prohibited counties, cities, and special districts from enacting any special tax without a two-thirds vote of the electorate." (*Howard Jarvis*, *supra*, 73 Cal.App.4th at pp. 681–682.) "Courts uniformly held, however, that [Proposition 13] did not restrict local governments' ability to impose 'legitimate special assessments'—that is, charges levied on owners of real property directly benefited by a local improvement to defray its costs. [Citation]." (*City of San Buenaventura v. United Water Conservation Dist.* (2017) 3 Cal.5th 1191, 1199.) Unlike special taxes, assessments do not require two-thirds voter approval. "In part to close this perceived loophole, voters in 1996 passed Proposition 218." (*Id*. at p. 1200.)

> "Proposition 218 restricts government's ability to impose assessments in several important ways. First, it tightens the definition of the two key findings necessary to support an assessment: special benefit and proportionality. An assessment can be imposed *only* for a 'special benefit' conferred on a particular property. ([Cal. Const., a]rt. XIII D, §§ 2, subd. (b), 4, subd. (a).) … Further, an assessment on any given parcel must be in proportion to the special benefit conferred on that parcel …." (*Silicon Valley Taxpayers' Assn.*, *Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 431, 443.)

To comply with Proposition 218, the County's $80 "assessment" had to be supported by an engineer's report (Cal. Const., art. XIII D, § 4, subd. (b)), could not exceed the reasonable cost of the proportionate special benefit conferred upon each

affected parcel (*id*., § 4, subds. (a), (f)), and required approval by a vote of at least half of the owners of affected parcels, weighted "according to the proportional financial obligation of the affected property" (*id*., § 4, subd. (e)). (*Howard Jarvis*, *supra*, 73 Cal.App.4th at p. 682.) Appellants maintain the $80 levy does not confer a special benefit, does not satisfy the proportionality requirements, and is merely "a special tax masquerading as an assessment."

The County's motion to dismiss is based on the gravamen of appellants' claims, each of which challenge the validity of a resolution expressly adopted pursuant to Government Code section 50078 et seq. The authority pursuant to which the County purported to act is crucial, in part because those provisions of the Government Code invoke the so-called validation statutes, i.e., Code of Civil Procedure sections 860 through 870.5. The validation statutes are designed to provide "an expedited but definitive ruling regarding the validity or invalidity of certain actions taken by public agencies." (*Santa Clarita Organization for Planning & Environment v. Castaic Lake Water Agency* (2016) 1 Cal.App.5th 1084, 1096 (*Castaic Lake Water Agency*).) "They are expedited because they require validation proceedings to be filed within 60 days of the public agency's action (Code Civ. Proc., §§ 860, 863); they are 'given preference over all other civil actions' (*id*., § 867); and, most pertinent here, any appeal must be filed within 30 days after notice of entry of judgment (*id*., § 870, subd. (b))." (*Ibid.*)

"Not all actions of a public agency are subject to validation. The validation statutes do not apply just because a claim or action seeks to invalidate an agency's action." (*Holloway v. Showcase Realty Agents, Inc.* (2018) 22 Cal.App.5th 758, 764.) Appellants emphasize this point in their opposition. However, "[t]he validation statutes apply to a matter when 'any other law' authorizes their application." (*Katz v. Campbell Union High School Dist.* (2006) 144 Cal.App.4th 1024, 1033, quoting Code Civ. Proc., § 860.) "[T]here are more than 200 statutes that provide for validating proceedings pursuant to [Code of Civil Procedure] sections 860 through 870," many of which (over

7.

50) are found in the Government Code. (*Kaatz v. City of Seaside* (2006) 143 Cal.App.4th 13, 31, fn. 19.) "A key objective of a validation action is to limit the extent to which delay due to litigation may impair a public agency's ability to operate financially." (*Friedland v. City of Long Beach* (1998) 62 Cal.App.4th 835, 843.)

If appellants' lawsuit implicated the validation statutes, those statutes could not be circumvented by labeling the pleading as a petition for writ of mandate. (*Castaic Lake Water Agency*, *supra*, 1 Cal.App.5th at p. 1097; see *Barratt American*, *Inc. v. City of Rancho Cucamonga* (2005) 37 Cal.4th 685, 705 ["Where the Legislature has provided for a validation action to review government actions, mandamus is unavailable to bypass the statutory remedy after the limitations period has expired"]; see also Code Civ. Proc., § 1086 [mandamus relief generally requires the absence of a "plain, speedy, and adequate remedy" at law].) The same is true of a complaint for declaratory and/or injunctive relief. (*Katz v. Campbell Union High School Dist.*, *supra*, 144 Cal.App.4th at pp. 1033–1034.) Any matters subject to adjudication in a validation proceeding, including constitutional challenges, "must be raised within the statutory limitations period in section 860 et seq." (*Friedland v. City of Long Beach*, *supra*, 62 Cal.App.4th at p. 847.)

Article 3.6 of title 5, division 1, part 1, chapter 1 of the Government Code is entitled "Fire Suppression Assessments." (All further undesignated statutory references are to the Gov. Code.) The article consists of sections 50078 through 50078.20. Section 50078 provides as follows:

> "Any local agency which provides fire suppression services directly or by contract with the state or a local agency may, by ordinance or by resolution adopted after notice and hearing, determine and levy an assessment for fire suppression services pursuant to this article. The assessment may be made for the purpose of obtaining, furnishing, operating, and maintaining fire suppression equipment or apparatus or for the purpose of paying the salaries and benefits of firefighting personnel, or both, whether or not fire suppression services are actually used by or upon a parcel, improvement, or property."

8.

Section 50078.17 expressly invokes the validation statutes: "Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure applies to any judicial action or proceeding to validate, attack, review, set aside, void, or annul an ordinance or resolution levying an assessment or modifying or amending an existing ordinance or resolution." The statute concludes by stating, "Any appeal from a final judgment in the action or proceeding brought pursuant to this section shall be filed within 30 days after entry of the judgment." (*Ibid.*)

The County repeatedly and explicitly held itself out as acting pursuant to section 50078, which appellants acknowledged in their petition and complaint. Moreover, the pleading alleged the County had violated section 50078.2. Hence, the County argues appellants were obligated to comply with the procedural requirements of section 50078.17.[2] We agree.

Appellants insist the existence or absence of appellate jurisdiction cannot be established without first determining whether the contested $80 levy is a tax or an assessment. Appellants reason that because section 50078.17 refers only to fire suppression assessments, it would have no bearing on this matter if we were to conclude the levy is "an invalid and deliberately misnamed special tax." However, as argued in the County's motion, such reasoning was rejected in the analogous case of *The Inland Oversight Committee v. City of Ontario* (2015) 240 Cal.App.4th 1140 (*Inland Oversight Committee*).

---

[2]The County's motion to dismiss is based on an alleged lack of appellate jurisdiction, but its moving papers also note appellants' failure to file suit within the 60-day statute of limitations of Code of Civil Procedure section 863. Appellants argue the statute of limitations issue has been waived. The County neglected to cite relevant code sections in its answer (see Code Civ. Proc., § 458), but it did allege the lawsuit was "barred in whole or in part because no interested party has previously brought a validation or reverse validation action." Since "the absence of appellate jurisdiction may be raised at any time" (*Ponce-Bran v. Trustees of Cal. State University* (1996) 48 Cal.App.4th 1656, 1660, fn. 2), we need not resolve the parties' dispute regarding waiver of the statute of limitations.

In *Inland Oversight Committee*, the City of Ontario, with consent of the City of Rancho Cucamonga, adopted a resolution to form a property and business improvement district and to levy assessments on lodging businesses operating in both cities pursuant to the Property and Business Improvement District Law of 1994 (District Law) (Sts. & Hy. Code, §§ 36600–36671). (*Inland Oversight Committee*, *supra*, 240 Cal.App.4th at pp. 1142–1143 & 1144, fn. 3.) An organization claiming to represent certain affected residents "sued the cities to invalidate the assessments on the ground they were a 'tax' that was not approved by a majority or supermajority of the cities' voters as article XIII C of the California Constitution required." (*Id*. at pp. 1142–1143.) The plaintiff's claims were asserted in a timely complaint and writ petition. (*Id*. at p. 1144.)

The trial court in *Inland Oversight Committee* entered judgment in favor of the public entity defendants after concluding the plaintiff lacked standing. The plaintiff's notice of appeal was filed 35 days later. (*Inland Oversight Committee*, *supra*, 240 Cal.App.4th at p. 1144.) The defendants moved to dismiss the appeal pursuant to Streets and Highways Code section 36633, which states, "The validity of an assessment levied under this part shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the resolution levying the assessment is adopted pursuant to [Streets and Highways Code] Section 36626. *Any appeal from a final judgment in an action or proceeding shall be perfected within 30 days after the entry of judgment*." (Italics added.)

The plaintiff argued the 30-day deadline was not applicable because its pleading "did not allege that the assessments were invalid because the [defendants] failed to comply with the District Law …, but because the assessments were a general or a special 'tax' not approved by the cities' voters pursuant to [Proposition 218]." (*Inland Oversight Committee*, *supra*, 240 Cal.App.4th at p. 1145.) The appellate court granted the motion to dismiss, concluding "the basis of [plaintiff's] invalidity claim [was] immaterial to the application of [Streets and Highways Code] section 36633." (*Ibid*.) The opinion

10.

continues: "The 30-day time limits of [Streets and Highways Code] section 36633 apply to 'any action' challenging '[t]he validity' of an assessment levied pursuant to the District Law, regardless of the basis of the validity challenge. [Citation.] Further, under long-settled law, it is the gravamen of the complaint (here, that the assessments were invalid), rather than the form of the action or the specific relief demanded, that determines the applicable limitations period. [Citations.]" (*Ibid.*)

As in *Inland Oversight Committee*, the gravamen of appellants' lawsuit is the validity of actions taken by the County pursuant to a specific statutory scheme. Appellants were at all times aware of the County's reliance upon section 50078 et seq., and they are without grounds to argue the procedural requirements of those statutes are inapplicable. Appellants' arguments ultimately concern the merits of the case, and the absence of appellate jurisdiction is discernable without reaching those issues. (Cf. *Stockton Citizens for Sensible Planning v. City of Stockton* (2010) 48 Cal.4th 481, 488–489 [holding plaintiffs were obligated to comply with the deadlines of statutes a public entity defendant had ostensibly relied upon, regardless of whether defendant's actions were procedurally and substantively invalid; "limitations periods apply regardless of the merits of the claims asserted"].)

Appellants do not address *Inland Oversight Committee* in their briefing. They urge us to follow *Kaatz v. City of Seaside*, *supra*, 143 Cal.App.4th 13 and *California Commerce Casino*, *Inc. v. Schwarzenegger* (2007) 146 Cal.App.4th 1406 (*California Commerce Casino*), but both cases are distinguishable. In *Kaatz*, a citizen sued the City of Seaside following the city's purchase and sale of property that had been part of a military base. The plaintiff challenged the legality of the city's sale of the land to a developer. (*Kaatz*, *supra*, at pp. 19–24.) The city convinced the trial court that Government Code section 53511 required the plaintiff to comply with the validation statutes, and the trial court dismissed the case as untimely under Code of Civil Procedure section 863. The plaintiff appealed, and the merits of the appeal concerned the

11.

applicability of section 53511. The city moved to dismiss the appeal as untimely under the 30-day deadline imposed by the validation statutes (Code Civ. Proc., § 870, subd. (b)), but the appellate court said it had to first determine the merits of appellant's claim regarding section 53511. (*Kaatz*, at pp. 25–27.)

The statute at issue in *Kaatz*, section 53511, is part of a chapter of the Government Code entitled "Bonds" and "deals exclusively with the power of local agencies to sell their bonds, replace defaced or lost bonds, and pledge their revenues to pay or secure such bonds." (*City of Ontario v. Superior Court* (1970) 2 Cal.3d 335, 343.) Section 53511 provides, in relevant part: "A local agency may bring an action to determine the validity of its bonds, warrants, contracts, obligations or evidences of indebtedness pursuant to [the validation statutes]." (*Id.*, subd. (a).) The trial court in *Kaatz* accepted the city's argument that the plaintiff's claims involved the validity of "contracts" and thus implicated section 53511. However, the claims were based on the city's conveyance of property, and "[n]o bonds were issued or contemplated in connection with the proposed transaction." (*Kaatz v. City of Seaside*, *supra*, 143 Cal.App.4th at p. 42.) Furthermore, the city had not purported to engage in the challenged conduct pursuant to the statutory scheme in which section 53511 appears. The appellate court refused to assume the applicability of section 53511 and narrowly construed the statute's use of the term "contracts" to mean "those that are in the nature of, or directly relate to a public agency's bonds, warrants or other evidences of indebtedness." (*Kaatz*, *supra*, at p. 42.) Accordingly, the trial court's dismissal of the lawsuit was reversed.

Appellants' reliance on *Kaatz v. City of Seaside* is misplaced because there the merits of the appeal did not concern the validity of the defendant's underlying conduct. The question presented was the applicability of a statute that had no contextual relationship to the events in question, and the defendant's motion to dismiss the appeal presented essentially the same issue as the plaintiff's appeal on the merits. The other case cited by appellants, *California Commerce Casino*, also involved a situation where the

12.

question of appellate jurisdiction was "inextricably intertwined" with the merits of the appeal, as both concerned the applicability of the validation statutes. (*California Commerce Casino*, *supra*, 146 Cal.App.4th at pp. 1410, 1418–1419.) Here, for the reasons we have explained, determining the applicability of section 50078.17 does not require us to reach the merits of the appeal.

Although we agree with the holding of *Inland Oversight Committee* and find it dispositive in this matter, there is another problem with appellants' position. They argue that if the County's $80 levy is a special tax, then the applicable statute of limitations is the three-year period prescribed by Code of Civil Procedure section 338.[3] By implication, they further contend that no other statute would impose a 30-day deadline for the filing of their notice of appeal. However, Code of Civil Procedure section 338 applies "only if no 'different limitation is prescribed by statute.'" (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22, quoting Code Civ. Proc, § 312.)

According to appellants' theory of the case, as alleged in the petition and complaint, the County's authority to act relevant to the matters in dispute is ultimately derived from the Fire Protection District Law of 1987 (Health & Saf. Code, § 13800 et seq.; Fire Protection District Law). Health and Safety Code section 13806 states, "Any action to determine the validity of the organization or of any action of a district shall be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure." As noted in *Kaatz*, this provision "expressly provide[s] for proceedings under the validation statutes to validate *any* action by the public agency." (*Kaatz v. City of Seaside*, *supra*, 143 Cal.App.4th at p. 41.)

---

[3]Code of Civil Procedure section 338, subdivisions (a) and (m), respectively, apply to "[a]n action upon a liability created by statute, other than a penalty or forfeiture" and "[a]n action challenging the validity of the levy upon a parcel of a special tax levied by a local agency on a per parcel basis."

13.

Under the Fire Protection District Law, special districts receive a share of the ad valorem property tax revenues collected by the county from property owners within the district. (Health & Saf. Code, § 13896; *Arbuckle–College City Fire Protection Dist. v. County of Colusa* (2003) 105 Cal.App.4th 1155, 1158.) If additional funds are needed, there are five options for raising alternative revenues. Three of those options involve the levy of special taxes (Health & Saf. Code, §§ 13911–13913) and the other two involve the levy of assessments (*id*., §§ 13914–13915).

Based on appellants' allegations, it would appear the County acted pursuant to Health and Safety Code section 13914, which states, "A district may levy an assessment for fire suppression services pursuant to Article 3.6 (commencing with Section 50078) of Chapter 1 of Part 1 of Division 1 of Title 5 of the Government Code." However, had the County endeavored to levy a special tax, all of the corresponding statutory schemes also contain provisions invoking the validation statutes and imposing 30-day deadlines for related notices of appeal. (See Health & Saf. Code, §§ 13911–13913; Gov. Code, §§ 50077.5, 53341, 53979.) For example, Health and Safety Code section 13911 permits the levy of a special tax pursuant to Government Code section 50075 et seq. The legality of any such levy must be challenged in a validation proceeding and any appeal must be taken within 30 days. (§ 50077.5; *Katz v. Campbell Union High School Dist*., *supra*, 144 Cal.App.4th at p. 1033.) Therefore, reaching the question of whether the County's levy was a tax or an assessment would not change the result.

Appellants' remaining arguments are not persuasive. They contend section 50078.17 should be disregarded because it is "an obscure statute passed in 1982 (last amended in 1986), which has never been cited by any California authority." The quoted statement is true, but multiple published opinions have cited and/or discussed section 50078, including *Richmond v. Shasta Community Services Dist*. (2004) 32 Cal.4th 409, 425, footnote 5, and *Consolidated Fire Protection Dist. v. Howard Jarvis Taxpayers'*

14.

*Assn.* (1998) 63 Cal.App.4th 211, 214–216. The latter case illustrates the applicability of the validation statutes to resolutions adopted pursuant to section 50078.

Lastly, appellants submit that if the County's resolution is invalid, "it is void *ab initio*, and issues of the timeliness of this case and appeal are irrelevant." The authorities cited for this proposition do not support it. (E.g., *Pacific Indemnity Co. v. Myers* (1931) 211 Cal. 635, 645; *Alves v. Justice Court* (1957) 148 Cal.App.2d 419, 425.) Therefore, we reject the argument as meritless. (See *Stockton Citizens for Sensible Planning v. City of Stockton*, *supra*, 48 Cal.4th at p. 501, fn. 10 [finding unpersuasive "the circular premise that a limitations period to challenge the validity of an agency decision is inapplicable if the agency decision is invalid"].)

## DISPOSITION

The motion to dismiss is granted. The appeal is dismissed for lack of appellate jurisdiction. Respondent shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

_____

PEÑA, J.

WE CONCUR:


_____

HILL, P.J.


_____

DETJEN, J.